UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MONICA RENEE THOMPSON                         CIVIL ACTION

VERSUS                                        NO: 24-2258

ACADIAN AMBULANCE SERVICE,                    SECTION: "A" (1)
ET AL.

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 13)** filed by the

defendants Ian Vincent, Courtney Vittorio, Brittany Rhodes, and Justin Alleman (collectively

"the Individual Defendants"). The plaintiff, Monica Thompson, who is proceeding pro se, has

not responded to the motion. The motion, submitted for consideration on September 3, 2025, is

before the Court on the briefs without oral argument.[1]

### I.    Background

The plaintiff, Monica Thompson ("Thompson"), has brought this action against the

Individual Defendants and her employer, Acadian Ambulance Service, Inc. ("Acadian"), whom

she alleges discriminated against her on the basis of age. Thompson is seeking to recover for

damages that she sustained during her employment at Acadian from April 2022 until she took

sick leave in January 2024, while working as an Emergency Medical Responder ("EMR") in

Baton Rouge, Louisiana. Thompson explains that although she applied to work as an Emergency

Medical Technician with Acadian, she was erroneously placed in the EMR class during training.

---

[1] Acadian Ambulance Service, Inc. filed a separate Motion to Dismiss, which was noticed for submission on October 29, 2025.

(Rec. Doc. 1-1, Complaint Exhibit 1). Despite the error, she decided to go through with the training and accepted a position as an EMR. (*Id.*).

During her training and all throughout her time at Acadian, Thompson alleges that people asked how old she was and was later told that people in their early twenties and thirties do not last more than five years as an EMR. (*Id.*). At that time, Thompson was 57 years old. According to Thompson, she was asked how old she was every single day of her employment at Acadian. (*Id.*). In an email to Acadian's operations manager and Individual Defendant Ian Vincent, Thompson wrote that on multiple occasions, partners that she had been assigned to work with said that they hated working with EMRs. (Rec. Doc. 1-2, Email Attachment at 7). According to Thompson, the alleged perception of EMRs is that they are "bottom of the barrel employees." (Rec. Doc 1-4, Civil Cover Sheet). Additionally, Thompson claims that Courtney Vittorio, an operations coordinator at Acadian and one of the Individual Defendants, told her that "no one wanted to work with [her]." (Rec. Doc. 1-1, Complaint Exhibit 1). She also alleges that another one of the Individual Defendants, operations supervisor Justin Allen, called her and told her that she was suspended because "none of her supervisors could talk to her." (*Id.*). Finally, Thompson alleges that after expressing her desire to be "PEC'd," Brittany Rhodes, a Senior Human Resources employee, responded by saying that Thompson didn't need to be PEC'd but did need to get some help. [2] (*Id.*). Thompson subsequently sought psychiatric help, and a nurse practitioner diagnosed her with severe depression and anxiety in February 2024. Thompson is seeking to recover over $9 million dollars from the defendants.

The Individual Defendants now move pursuant to Federal Rules 12(b)(1), 12(b)(3), 12(b)(4), 12(b)(5), and 12(b)(6) to dismiss the complaint for lack of subject matter jurisdiction,

---

[2] PEC refers to a **P**hysician **E**mergency **C**ertificate, which is used to detain a subject involuntarily for up to 72 hours due to mental illness. *See* https://www.jpcoroner.com/mental-health

and alternatively to dismiss it for improper venue, failure to effect proper service, and failure to

state a claim for relief against any of the Individual Defendants. The Individual Defendants'

arguments are addressed below.

## II. Discussion

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the

court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the

merits. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir.1977) (per curiam). This requirement

prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Id*. The

court's dismissal of a plaintiff's case because the court lacks subject matter jurisdiction is not a

determination of the merits and does not prevent the plaintiff from pursuing a claim in a court

that does have proper jurisdiction. *Id*.

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter

jurisdiction. Fed. R. Civ. P. 12(b)(1). If the court determines at any time that it lacks subject-

matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). A case is properly

dismissed for lack of subject matter jurisdiction when the court lacks the statutory or

constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of

Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). The district court must presume that a suit

lies outside of its limited jurisdiction, and the burden of establishing subject matter jurisdiction

rests on the party seeking the federal forum. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th

Cir. 2001). A court may find that it lacks subject matter jurisdiction by looking at (1) the

complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or

(3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.

*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

The Individual Defendants argue that Thompson's assertion of diversity jurisdiction is incorrect. The Individual Defendants aver that Thompson was a citizen of Louisiana at the time of her employment and the filing of the petition, as evidenced by her complaint, and that they too are citizens of Louisiana.

Thompson asserts diversity jurisdiction under 28 U.S.C. § 1332(a)(1), which requires complete diversity of citizenship between the parties, and an amount in controversy exceeding $75,000. Thompson specifically alleges in her complaint that she is a citizen of Louisiana. (Rec. Doc. 1, Complaint at 4). The Individual Defendants are also citizens of Louisiana. In their answer, the Individual Defendants included declarations by each of the Individual Defendants as to their respective residences. (Rec. Doc. 13-3, Exhibit 1). Defendant Courtney Vittorio is a resident of Baton Rouge, Louisiana. (*Id*. at 2). Defendant Justin Alleman is a resident of Plaquemine, Louisiana. (*Id*. at 3). Defendant Brittany Rhodes is a resident of Broussard, Louisiana. (*Id*. at 4). Defendant Ian Vincent is a resident of Prairieville, Louisiana. (*Id*. at 5). Therefore, the parties are not completely diverse in citizenship.[3] With complete diversity lacking, this Court does not have jurisdiction to entertain Thompson's lawsuit.

Having determined that diversity jurisdiction cannot be invoked, this Court proceeds to determine whether 28 U.S.C. § 1331, federal question jurisdiction, provides a basis for subject matter jurisdiction to this case. Section 1331 vests the district courts with original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

---

[3] The Court notes that Thompson's current return address is currently located in Austin, Texas. For diversity purposes, domicile is determined by the totality of circumstances at the time the suit is filed and requires both physical presence in the state and intent to remain there indefinitely. *Knapp v. State Farm Ins.*, 584 F. Supp. 905, 907 (1984). Given that Thompson specifically alleges that she is a Louisiana citizen and that the alleged events took place in Louisiana while she was living in Louisiana, the Court assumes that this Texas address is temporary and that Thompson did not change her state of citizenship before the lawsuit was filed.

A plaintiff must affirmatively allege a federal claim for the court to have federal question jurisdiction. *See Illinois Cent. Gulf R.R. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983). The plaintiff is the master of her complaint, and federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 (5th Cir. 2003). A federal question "is presented" when the complaint invokes federal law as the basis for relief. *Vasquez v. Wells Fargo Bank*, No. H–11–4086, 2013 WL 12140420, at *5 (S.D. Tex. Jan. 8, 2013). It is not enough that the facts alleged supporting a state law claim also support a federal claim. *Id*. As the master of her complaint, a plaintiff "may allege only state law causes of action, even when federal remedies might also exist." *Elam v. Kansas City S. Ry.*, 635 F.3d 796, 803 (5th Cir. 2011).

The Court notes that although age discrimination claims are cognizable under federal law, nowhere in her complaint does Thompson invoke federal law. In the civil cover sheet of her complaint, Thompson cited Louisiana's age discrimination statute, La. R.S. § 23:312, as the substantive basis for her age discrimination claim. (Rec. Doc. 1-4). Thompson has not invoked federal law, therefore on the face of her complaint, there is no federal question presented. As such, her age discrimination claim does not arise under federal law.

In sum, with no diversity of citizenship between the parties, and Thompson's age discrimination claim arising entirely under state law, this Court lacks subject matter jurisdiction. Therefore, the Individual Defendants' motion to dismiss for lack of subject matter jurisdiction is granted. The Individual Defendants' alternative arguments are moot.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 13)** filed by Ian Vincent, Courtney Vittorio, Brittany Rhodes, and Justin Alleman is **GRANTED** insofar as the complaint

filed by Monica Renee Thompson is dismissed **WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

      **IT IS FURTHER ORDERED** that the **Motion to Dismiss (Rec. Doc. 16)** filed by Acadian Ambulance Service, Inc. is **DISMISSED AS MOOT.**

October 31, 2025

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE